IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COLUMBIA SPORTSWEAR NORTH AMERICA, INC.**, an Oregon corporation,

        Plaintiff,

        v.

**SEIRUS INNOVATIVE ACCESSORIES, INC.**, a Utah corporation; et al.,

        Defendants.

Case No. 3:19-cv-00137-MO

OPINION AND ORDER

**MOSMAN, J.**,

    This case comes before me after having been transferred from Judge Michael H. Simon. Order of Transfer [ECF 239]. Judge Simon handled the case for a full year before issuing the order to transfer. During that time, he issued an Opinion and Order in which he ruled on three motions to dismiss and one motion to strike. Opinion and Order [ECF 156] ("Simon Opinion"). After the case transferred, Seirus and four of its officers, all named defendants (collectively, "the Seirus Defendants"), filed a Motion for Reconsideration of Judge Simon's Opinion. [ECF 254]. Columbia opposes this motion. Pl.'s Resp. [ECF 272].

1 – OPINION AND ORDER

Upon review, I agree with the Seirus Defendants that this court does not have personal jurisdiction over them and that I therefore lack the authority to hear this case. I therefore GRANT the Seirus Defendants' Motion for Reconsideration [254], and I GRANT the Seirus Defendants' Motion to Dismiss for Lack of Jurisdiction, as well as their Motion to Transfer. [ECF 103]. Accordingly, this case is DISMISSED against the Seirus Defendants, and the remainder of the case will be transferred to the Southern District of California.

## INTRODUCTION

Plaintiff in this case is Columbia Sportswear, Inc., ("Columbia"), an Oregon-based retailer of outdoor and athletic apparel. Simon Opinion [156] at 2. Defendants are Seirus Innovative Accessories and four of its officers ("the Seirus Defendants"), who are all domiciled in San Diego, and Ventex, Inc., a South Korean company.[1] Second Am. Compl. [ECF 91] ("SAC") ¶¶ 11-19. In this action, Columbia has alleged eight grounds for relief: (1) Federal RICO (18 U.S.C. § 1964(C)), two counts; (2) Oregon RICO (ORS § 1667.25(7)(A)(B)), two counts; (3) Fraud (Or.); (4) Actual Fraud (Va.); (5) Civil Conspiracy to Commit Fraud (V.A. Code § 18.2-499); (6) Civil Conspiracy to Commit Fraud (Va.); (7) Abuse of Process (Va.); and (8) Exemplary Punitive Damages. SAC [91] ¶¶ 300-458.

Columbia's claims arise out of alleged events that occurred in relation to an underlying patent lawsuit that Columbia brought against Seirus, in which it alleged that Seirus infringed a patent that Columbia held on insulating fabric used in gloves. Simon Opinion [156] at 2-3. The filing of the complaint caused a one-year statute of limitations to begin running, after which Seirus would be barred from petitioning the Patent Trial and Appeal Board ("the PTAB") to

---

[1] Two of Ventex's officers are also named defendants, but both have failed to answer the complaint and are in default.

review Columbia's patent. *Id.* at 3-4 (citing 35 U.S.C. § 315(b)). The statute of limitations would also bar any "real party in interest," as identified by the petitioner, from filing a petition for review. *Id.* (citing 35 U.S.C. § 315(a)(2)). Columbia alleges that Seirus conspired with Ventex to circumvent the statute of limitations by waiting until more than a year had expired after Columbia filed its complaint and then having Ventex bring a patent challenge to the PTAB on Seirus's behalf while falsely representing that the patent challenge was Ventex's alone, rather than correctly identifying Ventex as a "real party in interest," as required. SAC [91] ¶¶ 1-10. Seirus did so, Columbia alleges, in order to provide grounds for a stay in the Patent Case. *Id.* ¶ 5.

Seirus did, in fact, file a motion for a stay in the underlying Patent Case, which was originally filed in this district and was assigned to Judge Marco A. Hernandez. Def.'s Mot. for Stay, *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories*, No. 3:15-cv-00064-HZ ("Patent Case") (D. Or. Aug. 8, 2017) [ECF 176]. However, Judge Hernandez never ruled on the motion for stay because he granted Seirus's Motion to Transfer the case to the U.S. District Court for the Southern District of California. Patent Case, Min. of Proceedings [ECF 254]. The case went to trial and resulted in a judgment that awarded damages to Columbia on one count but that otherwise resolved in Seirus's favor.[2] *Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories*, No. 3:17-cv-1781-HZ, J. (S.D. Cal. Nov. 22, 2017) [ECF 403].

Columbia argued, and Judge Simon found, that Seirus's filing the motion for stay in the Patent Case conferred personal jurisdiction for purposes of this RICO action. Simon Opinion [156] at 9-10. Judge Simon also found that some other actions taken by Seirus in the Patent Case conferred jurisdiction, including disclosures made (or not made) during discovery. *Id.* This is the

---

[2] The appeals process is ongoing. *See, e.g.,* Patent Case, Mandate [ECF 481].

3 – OPINION AND ORDER

holding that the Seirus Defendants have asked me to reconsider because, they argue, actions taken only in an effort to defend litigation in the forum state are not independent grounds for personal jurisdiction. Def.'s Mot. [254] at 5-8. As explained below, I agree.

## DISCUSSION

### I. Reconsideration

The decision whether to grant a motion for reconsideration is one that I do not take lightly—particularly in these circumstances, where I am being asked to reconsider a ruling by a colleague for whom I have the highest regard. Reconsideration is a remedy that should be exercised sparingly. It is allowed only in narrow circumstances and for a limited number of reasons. The parties in this case disagree as to whether reconsideration is allowed under the circumstances present here, and they disagree on what standard should be used to determine that question. The Seirus Defendants, who favor reconsideration, proffer a standard for reconsideration that provides three circumstances in which it is permitted: (1) in the event of new evidence, (2) if clear error or manifest injustice occurs, or (3) in the event of an intervening change of law. Def.'s Mot. [254] at 5. Plaintiff, who opposes reconsideration, urges me to adopt a local rule of the Central District of California, in lieu of any local rules in the District of Oregon. Pl.'s Resp. [272] at 15-16. The standard that Plaintiff advocates is stricter than Defendants' preferred standard, as it appears to allow reconsideration only in circumstances where the factual underpinnings of the challenged ruling have changed. *Id*.

Broadly, I agree with Defendants, albeit with some caveats that require further explanation. To begin, reconsideration of a non-final order is permitted by Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, [that does not resolve the case] may be revised at any time before the entry of a judgment adjudicating

all the claims and all the parties' rights and liabilities." Reconsideration is proper in three general circumstances, as the Seirus Defendants argued: (1) if the court is presented with new evidence, (2) if the ruling being challenged resulted in clear error or manifest injustice, or (3) if an intervening change in the law has occurred. *Puri v. Khalsa*, No. 3:10-cv-01532-MO, 2017 WL 6513055 at *1 (D. Or. Dec. 20, 2017) (applying the Ninth Circuit standard for reconsideration of a final judgment to reconsideration of a non-final order); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (articulating circumstances under which it is appropriate to reconsider a final judgment under FRCP 59(e)).

Due to the procedural posture of this case, the analysis does not end here. Typically, a motion for reconsideration is made to the same judge who issued the initial ruling, with one of the parties attempting to persuade that judge to reconsider his decision. This likely explains why courts typically do not allow a party seeking reconsideration to make the same arguments again, as the judge has already heard them. *See, e.g.*, *Sam v. Deutsche Bank Nat. Trust Co.*, No. 03:13–cv–01521–MO, 2013 WL 6817888 *2 (D. Or. Dec. 23, 2013) (describing that a party seeking reconsideration may not simply re-hash arguments already presented to the court).

The motion for reconsideration before me here is not typical because I am not being asked to reconsider my own ruling. Rather, I am being asked to reconsider a ruling made by a previous judge, which puts me in the role of "successor judge." The Ninth Circuit has established a line of cases that explains how a successor judge should determine when he can reconsider a ruling made by a colleague, and that line of cases provides a gloss on the analysis described above. A successor judge should not overrule a previous judge except for "cogent reasons." *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970). A "cogent reason" includes, for example, a determination that the previous judge made an error that would result in

a useless trial. *EEOC v. Serrano's Mexican Restaurants*, 306 Fed. Appx. 406, 407 (9th Cir. 2009). A previous judge's ruling should be treated as "the law of the case," which is non-binding and which may be corrected to prevent "manifest injustice." *United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987) (holding that the "law of the case" is a "rule of practice and not a limit on authority") (citation omitted). None of these cases include the usual admonishments regarding the re-raising of arguments.

Here, the "manifest injustice" that the Seirus Defendants seek to avoid is the possibility of litigating a case—and likely proceeding to trial—with the result of yielding a void judgment if this court does not actually have personal jurisdiction over the parties. Such an outcome would be a waste of time, resources, and money for the parties, the courts, and the public. Allowing such an outcome would be an injustice, and it is not an outcome that I am required to allow merely because the Seirus Defendants have not raised new arguments. This is a sufficiently "cogent reason" for me to depart from the law of the case and reconsider Judge Simon's ruling on personal jurisdiction.

## II. Personal Jurisdiction

I must now reconsider the question of whether this court has specific personal jurisdiction over the Seirus Defendants for purposes of this lawsuit. There is no federal statute governing personal jurisdiction in this case, so I must apply the law of the forum state. *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Oregon's long-arm statute is coextensive with the federal Due Process clause, so the only question before me is whether this court's exercise of jurisdiction over the Seirus Defendants would offend constitutional due process requirements. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing Or. R. Civ. P. 4(L)).

For a federal court to exercise jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state, lest the exercise of jurisdiction offend standards of "fair play and substantial justice" imposed by the federal Due Process Clause. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Ninth Circuit has adopted a three-part test to determine when a defendant has established minimum contacts:

> (1) The nonresident defendant must "purposefully direct" his activities toward the forum state or consummate some transaction with the forum by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Schwarzenegger*, 374 F.3d at 802; *Panavision*, 141 F.3d at 1320 (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).

Courts often use "purposeful availment" and "purposeful direction" as interchangeable terms, but they are distinct concepts. *Schwarzenegger*, 374 F.3d at 802. The former generally sounds in contract, while the latter, purposeful direction, generally sounds in tort. *Id.* While there can be some overlap, the principal concept to be applied here is a purposeful direction analysis. While a "purposeful direction" analysis often requires the application of an "effects" test that considers the effects within the forum state of defendant's out-of-state conduct, the commission of an intentional tort within the forum state is typically sufficient to show minimum contacts. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 604-06 (9th Cir. 2018). The exception to this general rule is when it is litigation—and litigation alone—that brings the alleged tortfeasor to the forum state. *Id.* at 606-07 (citing *Morrill v. Scott Fin. Corp.*, 873 F.3d

1136 (9th Cir. 2017)) ("Because the Nevada litigation *required* the [*Morrill*] defendants to conduct activity in Arizona (where the plaintiffs happened to reside), and the defendants thus were not in the forum state of their own volition, they had not availed themselves of the forum under the minimum contacts test.") (emphasis in original) (applying "availment" interchangeably in a purposeful direction analysis).

Conduct that is required by the litigation process cannot, standing alone, provide the minimum contacts necessary to support personal jurisdiction. *Morrill*, 873 F.3d at 1146-48. This is because a party who either travels to the forum state in order to conduct litigation activities or directs activities towards the forum state simply to conduct litigation activities, has not done so on his "own volition." *Freestream*, 905 F.3d at 607. Rather, his presence is required and is therefore not "purposeful." *Id.* To be sure, if a defendant in litigation commits some act that is not required by the litigation process—such as throwing a rock through opposing counsel's window—that act would provide a basis for jurisdiction. *Id.* (quoting *Morrill*, 873 F.3d at 1178. This is because the act of throwing a rock would not be "required" or "justified" by the litigation. *Id.*

The *Freestream/Morrill* rule governs the case before me. In its complaint, Columbia alleged that this court had personal jurisdiction over Seirus because Seirus allegedly conspired with Ventex in order to create a bogus basis for staying the Patent Case. SAC [91] ¶ 23. And Judge Simon, for his part, found that the Seirus Defendants had minimum contacts with Oregon on the basis of that motion to stay, as well as discovery responses that were allegedly incomplete. Simon Opinion [156] at 9-10. Columbia alleges that these acts—withholding information in discovery and filing an allegedly fraudulent motion to stay—were a fraud on the court that was

intended to disrupt the litigation and that the alleged acts were the equivalent of the *Morrill* rock-through-the-window analogy. Pl.'s Resp. [272] at 28.

I disagree. Every act that Columbia alleges occurred in Oregon was an act "required" or "justified by" the underlying Patent Case. Discovery responses are required in civil litigation. Filing them in Oregon was not a voluntary choice made by the Seirus Defendants. Columbia brought the Patent Case in Oregon, Seirus was required to answer discovery, and it was therefore required to file discovery responses in Oregon. Seirus took no affirmative act to bring itself within the forum state.

Likewise, the motion to stay. While not strictly "required," as by a rule or statute, a motion to stay proceedings is a regular feature of high-stakes patent litigation and is a strategic option available to any party to a civil suit. It is "justified by" the ongoing litigation. And again, Seirus did not "choose" Oregon as the forum for that motion. It would have filed the motion anywhere it was litigating the case because the forum for the litigation was the only state available where such a motion could be filed. The filing, then, was not "purposeful" and did not provide minimum contacts that would support personal jurisdiction.

Columbia's argument throughout this case amounts to a contention that being a defendant in the Patent Case litigation never required Seirus to engage in any improper conduct; for example, withholding information in discovery or providing a fraudulent basis for a stay. Indeed, this appears to have been the basis for Judge Simon's ruling. But this argument misses the point. Personal jurisdiction on the basis of "minimum contacts" is a question of whether the defendant has proactively taken steps to create a relationship between himself and the forum state. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). In other words, did defendant seek out of the forum state in some way? *Id.* This is also the rationale behind *Freestream/Morrill*. A party who is sued in State

A does not create a relationship with State A, and his proceeding in litigation there does not give rise to jurisdiction in future lawsuits because his presence there was not his choice. It is not merely a question of whether a party's acts are his choice but also of whether the *location* of his acts was his choice. *See Burger King Corp. v. Rudcewicz*, 471 U.S. 462, 475-76 (1985) (holding that a defendant cannot be haled into court on the basis of contacts that were the result of unilateral activity of another party). Here, Seirus never chose to litigate in Oregon or to take any other action here.

Alleging fraud in the litigation process does not allow Columbia to get around *Freestream/Morrill*. In fact, this argument runs straight into *Freestream*, which holds that even if a plaintiff alleges an intentional tort—in this case, fraud—it cannot be the sole basis for personal jurisdiction if the alleged act was committed as part of the litigation process. *Freestream*, 905 F.3d at 607 (quoting *Morrill*, 873 F.3d at 1178.) Every lawsuit alleges some bad act—a tort, a breach of contract, a fraud. Alleging a bad act may be sufficient to state a claim for relief, but it is not sufficient to plead jurisdiction. The question of jurisdiction is not a question of what bad acts may have been committed but of when, where, and how they occurred. It is an inquiry into the *context* of the alleged bad acts in relation to the forum state, not the acts themselves.

Moreover, it is arguable whether a San Diego company who withholds information during discovery has even committed that act in Oregon. The only act that definitively occurred in this state was the filing of a motion to stay—a motion that was never granted because the Patent Case was transferred to the Southern District of California. The motion had no direct effect on the Patent Case litigation, likely making it *de minimis* enough as to fail to rise to the level of minimum contacts. *Burger King*, 471 U.S. at 475 (holding that "attenuated" contacts that

do not give rise to a "substantial connection" with the forum state do not give rise to jurisdiction).

Columbia has provided no other basis on which I may find jurisdiction. It has not argued that Seirus's alleged out-of-state activities conferred personal jurisdiction in Oregon, and such an argument would not be persuasive anyway. The sole purpose of the conspiracy that Columbia alleges was to provide grounds for a stay in the Patent Case. SAC [91] ¶¶ 1-5. Given that filing a motion to stay was justified by the litigation, any argument that the conspiracy writ large conferred jurisdiction would likely run up again the same line of cases the prevent the filing of the motion itself from being grounds for jurisdiction.

Finally, I disagree with Columbia's assertion that the federal RICO statute provides grounds for finding personal jurisdiction in Oregon. *See* SAC [91] ¶ 24. The "ends of justice" do not require such a finding, and all defendants are subject to jurisdiction in the Southern District of California, for the reasons given by the Seirus Defendants. Def.'s Mot. [254] at 11-13. There is therefore no need to assert jurisdiction here.

I do not take this decision lightly. But I am convinced by the arguments of the parties and the law surrounding this matter that this court lacks jurisdiction, and, what is more, an error on this issue would lead to an injustice done to both parties and to the public.[3] I therefore believe I am justified in exercising my discretion to reconsider and to dismiss.

//

//

---

[3] Indeed, Ninth Circuit Judge Ronald M. Gould has indicated that he, too, believes the District of Oregon does not have jurisdiction in this case. Order [ECF 266] (dismissing without prejudice Defendants' appeal from Judge Simon's ruling on jurisdiction, with a footnote noting that "If Judge Gould were sitting on an en banc panel, he would grant the motion to dismiss [for lack of jurisdiction].").

11 – OPINION AND ORDER

### III. Venue

In its original motion, the Seirus Defendants argued that this case should be transferred to the Southern District of California for reasons of convenience and efficiency under 28 U.S.C. § 1404(a). Mot. to Dismiss [103] at 28. Although this argument was not briefed in the Motion for Reconsideration, I will reach the issue of venue as well. My dismissal of the Seirus Defendants would have the effect of splitting this case in two, with the Ventex Defendants remaining in this court. The inefficiency of this outcome is self-evident, both for the parties and for the court system. I therefore GRANT Seirus's motion to transfer the case to the Southern District of California, where it appears to me that the court has personal jurisdiction over all parties involved. I ORDER this transfer of the remainder of the case following the dismissal of the Seirus Defendants, given my lack of jurisdiction over them.

### CONCLUSION

For the reasons stated in this opinion, the Seirus Defendants' Motion for Reconsideration [254] is GRANTED, and I GRANT Defendants' Motion to Dismiss for Lack of Jurisdiction and Motion to Transfer [103]. As a result, this case is DISMISSED against the Seirus Defendants, and the remainder of the case is TRANSFERRED to the Southern District of California.

IT IS SO ORDERED.

DATED this 14 day of April, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge