UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLUMBIA SPORTSWEAR NORTH AMERICA, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEIRUS INNOVATIVE ACCESSORIES, INC., a Utah corporation; VENTEX CO., LTD., a foreign company; MICHAEL J. CAREY, an individual; WENDY M. CAREY, an individual; ROBERT (BOB) MURPHY, an individual; SCOTT DENIKE, an individual; KYUNG-CHAN GO, an individual; and MAN-SIK (PAUL) PARK, an individual,<br><br>Defendants. | Case No.: 20-CV-709 JLS (JLB)<br><br>**ORDER GRANTING NON-PARTIES'** ***EX PARTE*** **APPLICATION FOR LEAVE TO FILE AN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 340) |

Presently before the Court is Non-Parties Seirus Innovative Accessories, Inc.; Michael J. Carey; Wendy M. Carey; Robert Murphy; and Scott DeNike's (collectively, the "Non-Parties") *Ex Parte* Application for Leave to File an Opposition to Plaintiff Columbia Sportswear North America, Inc.'s ("Plaintiff") Motion for Default Judgment ("*Ex Parte* Appl.," ECF No. 340). Also before the Court are Plaintiff's opposition thereto ("Opp'n," ECF No. 342) and the Non-Parties' reply in support thereof ("Reply," ECF No. 344).

## THE PARTIES' POSITIONS

The Non-Parties seek leave to file an opposition brief to Plaintiff's Motion for Default Judgment (ECF No. 338), arguing that they "maintain a direct interest in the present case" and that "[their] brief will help the Court evaluate Columbia's request because Ventex and its employees are not expected to submit a response." *Ex Parte* Appl. at 1. The Non-Parties argue Plaintiff will not be prejudiced by their filing of an opposition brief given that Plaintiff will have the opportunity to address the arguments made therein in a reply brief. *Id.* (citation omitted).

Plaintiff opposes the Non-Parties' *Ex Parte* Application so long as they remain non-parties to the action, arguing that the entry of default judgment against Defendants Ventex Co., Ltd.; Kyung-Chan Go; and Man-Sik (Paul) Park (collectively, "Ventex") "will have no effect on [the Non-Parties]." Opp'n at 1 (footnote omitted). Plaintiff argues that the Non-Parties will not be prejudiced by the entry of default judgment against Ventex, as Plaintiff will not assert the judgment as a form of collateral estoppel against the Non-Parties. *Id.* at 1 n.2. Plaintiff cites several cases for the proposition that dismissed and/or non-parties lack standing to oppose entry of default judgment against others. *Id.* at 1 (citations omitted). Plaintiff also argues that, to the extent the Non-Parties are permitted to oppose, they are defending the merits of the case and have therefore waived service and made a general appearance in the case; accordingly, Plaintiff argues that the Court should vacate the dismissal of the Non-Parties and effectively return them to the case as co-defendants. *Id.* at 2–3 (citation omitted). Alternatively, Plaintiff suggests that the Court *sua sponte* modify the "Judgment" in this action (ECF No. 300) to convert it into a final judgment against the Non-Parties in accordance with Federal Rule of Civil Procedure 54(b) in order to permit Plaintiff to appeal Judge Mosman's order dismissing the Non-Parties and transferring the case, in which case "[Plaintiff] would agree to stay briefing on the default judgment motion pending [Plaintiff]'s appeal." *Id.* at 3 n.3.

On reply, the Non-Parties argue that the cases Plaintiff cites regarding standing are distinguishable, and that "[t]he only question is whether the Court wishes to consider a

response to [Plaintiff]'s motion. The Court will benefit from [the Non-Parties]' brief because [Plaintiff] invites multiple legal errors." Reply at 1. The Non-Parties note that standing is not required for the Court to consider a brief, citing authority concerning amicus briefs. *Id.* at 1–2 (citation omitted). The Non-Parties argue that Plaintiff's Motion for Default Judgment seeks to hold Ventex and the Non-Parties liable jointly and severally; thus, even if Plaintiff does not seek to use the judgment as a form of collateral estoppel against the Non-Parties, there remains a serious concern about inconsistent judgments. *Id.* at 2 (citing ECF No. 338 at 25 n.19; *Frow v. La Vega*, 82 U.S. 552, 554 (1872); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001)). Finally, the Non-Parties assert that Plaintiff's argument that the Non-Parties have generally appeared in the case is not properly before the Court. *Id.* at 2 n.1.

## ANALYSIS

As an initial matter, the Court recognizes that the manner in which this action was transferred to this District has placed Plaintiff and the Non-Parties in an unusual position; however, the Court does not appreciate being treated as a pawn in the procedural games unfolding as a result.

To the extent Columbia seeks affirmative relief from the Court, such as a finding that the Non-Parties have entered an appearance or a modification of Judge Mosman's Judgment (ECF No. 300), a noticed motion, rather than a few sentences or a footnote in an opposition brief, is the appropriate means by which to seek such relief. Further, the Court agrees that the standing cases on which Plaintiff relies are inapposite. However, the Court also finds, to the extent the *Ex Parte* Application invites the Court to construe the Non-Parties' proposed opposition brief as an amicus brief, that the Non-Parties' *Ex Parte* Application seeking leave to file an opposition exceeds the scope of the limited role of amicus curiae. *See, e.g., NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) ("Motions to file 'oppositions' to Plaintiff's briefs . . . indicate that the Tribe is attempting to exceed its stated role as amicus curiae. Such motions will not be considered by this Court.").

Nonetheless, the Court has discretion to construe the Non-Parties' *Ex Parte* Application as a motion to intervene for the limited purpose of opposing Plaintiff's Motion for Default Judgment. *See, e.g.*, *Thomas-Ikomoni v. McCalla Raymer, LLC*, No. 1:07-CV-1511-RWS/AJB, 2008 WL 11412165, at *2 (N.D. Ga. July 17, 2008), *report and recommendation adopted*, No. 1:07-CV-1511-RWS, 2008 WL 11412167 (N.D. Ga. Sept. 2, 2008) ("[A] court may in its discretion treat a motion by a non-party as a motion to intervene, thereby granting intervention status by ruling on the non-parties' motion.") (citations omitted); *see also United States v. Griffin*, 782 F.2d 1393, 1399 (7th Cir. 1986) ("The City's motion was not styled one for intervention, but a court is entitled to disregard labels and treat pleadings for what they are."). In the Ninth Circuit, "it is well-established that a non-party may intervene for the limited purpose of opposing a motion." *VFD Consulting, Inc. v. 21st Servs., 21st Holdings, LLC*, No. C 04-2161 SBA, 2005 WL 1115870, at *4 (N.D. Cal. May 11, 2005).

Pursuant to Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Courts within the Ninth Circuit "construe Rule 24(a) liberally in favor of potential intervenors." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted).

Exercising its discretion to construe the Non-Parties' *Ex Parte* Application as a motion to intervene for the limited purpose of opposing Plaintiff's Motion for Default Judgment, the Court finds the Non-Parties' motion timely, as it was submitted in accordance with the default briefing schedule set forth in Civil Local Rule 7.1(e)(2) to oppose the Motion for Default Judgment. Further, the Non-Parties claim that the granting of Plaintiff's Motion for Default Judgment could result in inconsistent judgments, which constitutes a substantial and protectible interest under Rule 24(a). *See, e.g.*, *McIver v. KW Real Est./Akron Co., LLC*, No. 810ML02151JVSFMOX, 2016 WL 8230634, at *3 (C.D.

Cal. June 15, 2016) (noting that party's interests in intervening included "reduc[ing] the risk of inconsistent judgments"); *Adobe Sys. Inc. v. Select Retrieval, LLC*, No. 3:12-CV-2342-GPC-WMC, 2014 WL 497441, at *5 (S.D. Cal. Feb. 6, 2014) (similar). Finally, the Court concludes that the existing parties do not adequately represent the Non-Parties' interests, as Plaintiff's interests are opposed to those of the Non-Parties and, as noted by the Non-Parties, Ventex has defaulted and failed to oppose the Motion for Default Judgment. Accordingly, construing the Non-Parties' *Ex Parte* Application as a motion to intervene for the limited purpose of opposing Plaintiff's Motion for Default Judgment, the Court finds that the Non-Parties are entitled to intervene as of right and **GRANTS** the *Ex Parte* Application.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the Non-Parties' *Ex Parte* Application (ECF No. 340). Should the Non-Parties wish to intervene in this action for the limited purpose of opposing Plaintiff's Motion for Default Judgment, the Non-Parties **SHALL FILE** the proposed opposition brief attached as an exhibit to their *Ex Parte* Application <u>on or before May 14, 2021</u>. Plaintiff **MAY FILE** a reply brief <u>no later than seven (7) days</u> after the date on which the Non-Parties' opposition brief is electronically docketed.

**IT IS SO ORDERED.**

Dated: May 12, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge